UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT DALE HURLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM L. MUNIZ, et al.,<br><br>    Defendants. | Case No. 15-cv-04357-JSC<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL; DENYING APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Plaintiff, a state prisoner at Corcoran State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. He has filed an amended complaint against officials at Salinas Valley State Prison, where he was formerly housed.[1] The amended complaint supersedes the original complaint and is now the operative complaint. For the reasons explained below, the amended complaint is ordered served upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that his cellmate attacked him with an inmate-manufactured weapon, causing him to suffer defensive wounds on his hands. He alleges that Defendants, who are the Warden, a Sergeant and two Correctional Officers at SVSP, caused Plaintiff's assailant to be assigned to Plaintiff's cell, where the attack took place, despite knowing that the assailant had previously threatened to harm Plaintiff. When liberally construed, these allegations are sufficient to state a cognizable claim against Defendants for violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff also alleges that Defendant Cebellos disciplined him for failing to cooperate when Ceballos ordered Plaintiff to move to another part of the prison. This took place prior to the assault and, according to Plaintiff, following the order would have exposed him to the inmate who later assaulted him. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Habeas petitions are the proper forum for claims

challenging disciplinary proceedings where success on the claims entitle the plaintiff to a restoration of lost time credits and an earlier release. *See Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). After the Supreme Court's decision in *Skinner v. Switzer*, however, an inmate may bring a habeas action only if success on the claim would "necessarily spell speedier release." *Nettles v. Grounds*, 788 F.3d 992, 1000 (9th Cir. 2015) (rejecting previous circuit cases suggesting that habeas relief was available for cases in which success on the claim only was "likely" or "merely potentially" to accelerate release). In cases in which an inmate challenges prison disciplinary proceedings, habeas jurisdiction is available only if a successful claim will "necessarily spell speedier release." *Id.* at 1001.

As Plaintiff's discipline resulted in the loss of time credits, success in challenging such discipline would appear to garner him an earlier release. It is not clear from the amended complaint, however, whether that is "necessarily" so. For example, if he is serving a life sentence, it is not clear what effect the loss or restoration or time credits would have on his release date. As a result, the Court will allow Plaintiff's claim that his discipline violated his right to due process to remain in this Section 1983 case. If Defendants show in a dispositive motion that success on the claim would "necessarily" lead to Plaintiff's earlier release, then the claim will be dismissed without prejudice to pursuing in a federal habeas petition after state remedies are exhausted.

## CONCLUSION

1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the amended complaint with attachments and a copy of this order on Defendants Warden William L. Muniz, Sergeant Jackson, Correctional Officer Cebellos, and Correctional Officer Chin, at **Salinas Valley State Prison.**

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the amended complaint with all attachments and a copy of this order, to the California Attorney General's Office.

2. Defendants shall each complete and file their own Magistrate Judge jurisdiction

3

consent form within the deadline provided on the form. They shall also file an answer in accordance with the Federal Rules of Civil Procedure.

      3.      To expedite the resolution of this case:

          a. No later than **91** days from the date this order is issued, the Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

          b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

          c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

          d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

          e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      4.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

      6.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

1  informed of any change of address by filing a separate paper with the clerk headed "Notice of
2  Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
3  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
4  Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a
5  showing of good cause if the request is filed prior to the deadline.

      7.      Plaintiff's motion for appointment of counsel is DENIED. In a civil action, there is no right to counsel, nor does the Court have the authority to make a coercive appointment of counsel. Moreover, Plaintiff has demonstrated his ability to present his claims on his own. Should good cause arise for counsel to represent Plaintiff, the Court will sua sponte refer the case to the Federal Pro Bono Project for location of pro bono counsel who is interested in representing Plaintiff. Plaintiff need not file further requests for appointment of counsel in this case.

**IT IS SO ORDERED.**

Dated: January 7, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5