UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT DALE HURLBERT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM L. MUNIZ, et al.,<br><br>Defendants. | Case No. 15-cv-04357-JSC<br><br>**ORDER ON PENDING MOTIONS**<br><br>Re: Dkt. Nos. 49, 56, 57 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The Court found due process and Eighth Amendment claims cognizable, and granted Defendants' motion for summary judgment on the Eighth Amendment claim on exhaustion grounds. Plaintiff's motions to amend the complaint (ECF No. 52), for a writ of mandate (ECF No. 56), and for production of witness testimony and documents (ECF No. 57) are now before the Court.

Plaintiff seeks to amend his complaint to re-incorporate his Eighth Amendment claim because after summary judgment was granted on that claim on exhaustion grounds, he submitted it in an administrative grievance to the highest level of administrative review in the prison system. The grievance was rejected because Plaintiff had not submitted the claim first to a lower available level of review.

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.

*McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). But a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014). Therefore, if Plaintiff has properly exhausted his Eighth Amendment claim, he may include it in an amended complaint, but it is not clear at this time whether he has done so.[1]

Accordingly, to bring back his Eighth Amendment claim, Plaintiff must, within **28** days of the date this Order is filed, file a motion for leave to file an amended complaint in which he shows that he has properly exhausted the claim, accompanied by a proposed amended complaint. The proposed amended complaint must be on the Court's form amended complaint and include the caption and civil case number used in this order (No. C 15-4357 JSC (PR)) and the words "FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the due process claim that is now pending. <u>Any claim (including his due process claim) that is not included in a proposed amended complaint, will no longer be a part of this case if the Court grants the motion for leave to file the amended complaint.</u>

Plaintiff also moves for a writ of mandate seeking to force the California Department of Corrections and Rehabilitation ("CDCR") to adhere to its regulations regarding review of administrative grievances. A motion for a writ of mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991). This motion is DENIED.

Plaintiff moves for production of documents and testimony relating to the death of another inmate, whose daughter is currently suing in a separate case. (ECF No. 57.) Plaintiff quotes Rules 45(d)(3)(B) and 45(d)(2)(A) of the Federal Rules of Civil Procedure (which he inadvertently cited

---

[1] Section 1997e(a) requires "proper exhaustion," which means "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

as Rule 45(c)(3)(B) and 45 (c)(2)(A)), but those rules apply to a person who is subject to a subpoena. There is no indication that anyone has been subpoenaed in this case. Accordingly, the motion is DENIED. Plaintiff may seek to obtain the documents and testimony he seeks from Defendants, but he must send his discovery requests directly to them and not file them as motions with the Court. This motion is DENIED.

The Court will decide Defendants' pending motion for summary judgment once it becomes clear whether an amended complaint will be filed.

This Order disposes of Docket Nos. 49, 56, 57.

**IT IS SO ORDERED.**

Dated: October 17, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT DALE HURLBERT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM L. MUNIZ, et al.,<br><br>Defendants. | Case No. 15-cv-04357-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Grant Dale Hurlbert ID: Prisoner AA2825
Corcoran State Prison
P.O. Box 3466
03Bl-220U
Corcoran, CA 93212

Dated: October 17, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4